UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARCUS WATSON,              )
                                   )
           Plaintiff,         )
                                   )
      vs.                   )   Case No. 22 CV 06620
                                   )
VILLAGE OF HOMEWOOD, POLICE    )
OFFICER JAY BUSH,         )
                                   )
          Defendant.      )

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

NOW COME the Defendants, VILLAGE OF HOMEWOOD and POLICE OFFICER JAY BUSH, by and through their attorneys, O'REILLY LAW OFFICES, LLC., and for their Answer and Affirmative Defenses to the Plaintiff, MARCUS WATSON'S, Complaint at Law, states as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Marcus Watson ("Plaintiff" or "Watson") is and was on January 19, 2022, an Illinois resident.

**Answer:** Defendants admit the allegations contained in paragraph 1 of the Plaintiff's Complaint at Law.

2. On January 19, 2022, Officer Jay Bush ("Officer Bush") was a police officer with the Homewood Police Department.

**Answer:** Defendants admit the allegations contained in paragraph 2 of the Plaintiff's Complaint at Law.

3. Defendant the Village of Homewood is a village located in Homewood, Cook County Illinois.

**Answer:** Defendants admit the allegations contained in paragraph 3 of the Plaintiff's Complaint at Law.

4. On January 19, 2022, Officer Bush was a probationary police officer.

**Answer:** Defendants admit the allegations contained in paragraph 4 of the Plaintiff's Complaint at Law.

5. Prior to being employed with the Homewood Police Department, Officer Bush had never been employed by a police department.

**Answer:** Defendants admit the allegations contained in paragraph 5 of the Plaintiff's Complaint at Law.

6. On or about May 11, 2021, Officer Bush was sworn in as a police officer with the Village of Homewood.

**Answer:** Defendants admit the allegations contained in paragraph 6 of the Plaintiff's Complaint at Law.

7. In May of 2021, Officer Bush began training at the Cook County Sheriff's Police Academy at Triton College.

**Answer:** Defendants admit the allegations contained in paragraph 7 of the Plaintiff's Complaint at Law.

8. On August 19, 2021, Officer Bush completed his training and graduated from the police academy at Triton College.

2

**Answer:** Defendants admit the allegations contained in paragraph 8 of the Plaintiff's Complaint at Law.

9. On or around August 20, 2021, Jay Bush started to work the streets for the Village of Homewood as a probationary police officer.

**Answer:** Defendants admit the allegations contained in paragraph 9 of the Plaintiff's Complaint at Law.

### A. The September 15, 2021, incident

10. Less than one month after Officer Jay Bush started to patrol the streets as a probationary officer, he was involved in a motor vehicle accident with his Village of Homewood squad car.

**Answer:** Defendants admit the allegations contained in paragraph 10 of the Plaintiff's Complaint at Law.

11. On September 15, 2021, Officer Bush caused a motor vehicle accident.

**Answer:** The Defendants admit that Officer Jay Bush was involved in a motor vehicle accident with his Village of Homewood squad car on September 15, 2021. The Defendants deny the remaining allegations in paragraph 11 of the Plaintiff's Complaint at Law.

12. On September 15, 2021, Officer Bush heading eastbound on 83rd Street made a U-turn and caused a collision. See a true and accurate of documents related to the September 15, 2021, incident attached as **Group Exhibit A.**

**Answer:** The Defendants admit that Officer Jay Bush was involved with an automobile accident with his Village of Homewood squad car on September 15,

2021. The Defendants also admit that Exhibit A is a copy of a September 15, 2021 memorandum from Officer Werner to Deputy Chief R. Misner regarding traffic accident on September 15, 2021. The Defendants deny the remaining allegations in paragraph 12 of the Plaintiff's Complaint at Law or that the contents of Exhibit A are accurately described in paragraph 12 and further deny the admissibility of the same.

13. On September 15, 2021, Officer Bush entered the right lane before he made a U-Turn heading back westbound causing the driver behind him to strike the rear driver's side of the Village of Homewood police vehicle. (See, Exs. A)

**Answer:** The Defendants admit that Officer Jay Bush was involved with an automobile accident with his Village of Homewood squad car on September 15, 2021. The Defendants also admit that Exhibit A is a copy of a September 15, 2021 memorandum from Officer Werner to Deputy Chief R. Misner regarding the traffic accident on September 15, 2021. The Defendants deny the remaining allegations in paragraph 13 of the Plaintiff's Complaint at Law or that the contents of Exhibit A are accurately described in paragraph 13 and further, deny the admissibility of the same.

14. On September 15, 2021, this crash caused the Officer that was sitting next to him to become unconscious. (See, Exs. A)

**Answer:** Defendants admit that Field Training Officer Beauchamp was unconscious as a result of the collision on September 15, 2021. The Defendants deny

that Exhibit A is accurately described in paragraph 14 and deny the admissibility of the same.

15. Based on the September 15, 2021, incident, on about October 11, 2021, Deputy Chief Robert E. Misner wrote a memorandum to Chief McGrath that Bush was found to be in violation of Rules of Conduct Rule 134 which states that Members of the Police Department shall operate vehicles in a careful and prudent manner and shall obey all laws and Department orders pertaining to such operation. See a true and accurate copy of the October 11, 2021, memorandum attached as **Exhibit B**.

**Answer:** The Defendants admit that on October 11, 2021, Deputy Chief Misner wrote a memorandum to Police Chief McGrath regarding the September 15, 2021, automobile accident involving Officer Jay Bush and cited Rules of Conduct 134 of the Homewood Police Department. The Defendants deny that the contents of the October 11, 2021 memorandum are accurately described in paragraph 15 and deny the admissibility of the same.

16. Robert E. Misner recommended to Chief McGrath that Officer Bush have a verbal counseling session which should be reduced to writing for documentation purposes. (*See*, Ex. B)

**Answer:** The Defendants admit that Deputy Chief Misner in his October 11, 2021, memorandum to Police Chief McGrath recommended a verbal counseling session with Officer Bush which should be reduced to writing for documentation purposes at the end of the memorandum. The Defendants deny the admissibility of Exhibit B.

5

17. On information and belief Officer Bush did not have a verbal counseling session which should have been reduced to writing for documentation purposes.

**Answer:** The Defendants deny each and every allegations contained in paragraph 17 of the Plaintiff's Complaint at Law.

18. Four days prior to the incident in the complaint, on January 15, 2022, Deputy Chief Misner drafted a warning/reprimand to Officer Jay Bush. See a true and accurate copy of the warning reprimand attached hereto as **Exhibit C**.

**Answer:** The Defendants admit that on January 15, 2022, Deputy Chief Misner issued a warning/reprimand to Officer Jay Bush for the automobile accident on September 15, 2021. The Defendants deny that the contents of the memorandum are completely described in paragraph 18 and deny the admissibility of the same.

19. Four days prior to the incident in the complaint, on January 15, 2022, Deputy Chief Misner wrote a warning to Officer Jay Bush stating that: Pursuant to the Homewood Police Department Policies/Rules of conduct, I am issuing this Warning/Reprimand to you as a result of your failure to adhere to the following: (o)n September 15th, 2021, you were operating in a Homewood Police vehicle eastbound on 183rd street. Upon attempting to do a U-Turn in the 1400 block of 18rd (sic) street to catch a speeder, you entered the right-hand lane before you did a U-Turn hearing back west causing the driver behind you to strike the rear driver's side of your vehicle. (*See*, Ex C)

**Answer:** The Defendants admit that on January 15, 2022, Deputy Chief Misner wrote a warning to Officer Jay Bush. The Defendants deny that paragraph 19 of the

Plaintiff's Complaint completely sets forth the contents of the written warning and denies the admissibility of the same.

### B. THE INCIDENT WITH MARCUS WATSON

20. On January 19, 2022, Officer Bush was a probationary police officer who did not have another officer in his Village of Homewood squad car.

**Answer:** Defendants admit the allegations contained in paragraph 20 of the Plaintiff's Complaint at Law.

21. On January 19, 2022, around 7:53 p.m. Mr. Watson was driving his vehicle on 175th Street in the Village of Homewood.

**Answer:** Defendants admit the allegations contained in paragraph 21 of the Plaintiff's Complaint at Law.

22. On January 19, 2022, Officer Jay Bush activated his Village of Homewood squad car's emergency strobe police lights and siren for an alleged traffic stop.

**Answer:** Defendants admit that on January 19, 2022, Officer Jay Bush initially activated his Village of Homewood squad car's emergency strobe police lights for an alleged traffic stop. The Defendants further admit that at some point later, Officer Jay Bush activated his siren for an alleged traffic stop. The Defendants deny each and every remaining allegation in paragraph 22 of the Plaintiff's Complaint at Law.

23. After Officer Jay Bush turned on his Village of Homewood squad car's emergency strobe police lights and siren, Marcus Watson activated his right turn signal for a safe place to stop his vehicle.

7

**Answer:** The Defendants admit that after Officer Jay Bush turned on his Village of Homewood squad car's emergency strobe police lights and siren, Marcus Watson at some point activated his right turn signal. The Defendants have insufficient knowledge as to why Marcus Watson activated his right turn signal, and therefore, denies the same.

24. Officer Jay Bush of the Homewood Police Department passed Mr. Watson with his Village of Homewood Police Department squad car and cut in front of him.

**Answer:** The Defendants admit the allegations contained in paragraph 24 of the Plaintiff's Complaint at Law.

25. Officer Bush then slammed his Village of Homewood squad car into Mr. Watson's vehicle forcing Mr. Watson's vehicle onto the side of the road.

**Answer:** The Defendants deny each and every allegation contained in paragraph 25 of the Plaintiff's Complaint at Law.

26. When Officer Jay Bush turned on his squad car's emergency strobe police lights and siren, Marcus Watson was driving at approximately ten miles per hour.

**Answer:** The Defendants deny each and every allegation in paragraph 26 of the Plaintiff's Complaint at Law.

27. Officer Bush waited approximately six seconds from when he activated his squad car's emergency strobe police lights and siren until he started to engage his vehicle to slam his Village of Homewood squad car into Mr. Watson's vehicle.

**Answer:** The Defendants deny each and every allegation in paragraph 27 of the Plaintiff's Complaint at Law.

28. It was approximately 12 seconds from when Officer Bush had turned on his squad car's emergency strobe police lights and siren until he forcefully slammed his Village of Homewood squad car into Mr. Watson vehicle.

**Answer:** The Defendants deny each and every allegation in paragraph 28 of the Plaintiff's Complaint at Law.

29. Officer Bush then exited his Village of Homewood squad car and began asking Mr. Watson what his problem was and had him exit the vehicle.

**Answer:** The Defendants admit that Officer Jay Bush exited his Village of Homewood squad car and had Mr. Watson exit his vehicle. The Defendants deny each and every remaining allegation in paragraph 29 of the Plaintiff's Complaint at Law.

30. At said time and place, a Hazel Crest Police Officer then arrived at the scene.

**Answer:** The Defendants admit the allegations contained in paragraph 30 of the Plaintiff's Complaint at Law.

31. As Mr. Watson was speaking to the Hazel Crest Officer to explain why he was going to pull off the main road to stop, Officer Bush yelled at Mr. Watson, **to shut the fuck up**." See a true and accurate copy of the January 21, 2022, memorandum attached hereto as **Exhibit D.**

**Answer:** The Defendants admit that Officer Jay Bush told Mr. Watson, "to shut the fuck up" at the time of the traffic stop. The Defendants admit that there exists a January 21, 2022 memorandum authored by Deputy Chief Misner to Police Chief McGrath which has been attached to the Complaint at Law as Exhibit D, but denies

9

the admissibility of same. The Defendants deny each and every remaining allegation in paragraph 31, of the Plaintiff's Complaint at Law.

32. The Hazel Crest police officer later questioned why Officer Bush would tell Mr. Watson to shut the fuck up. (*See*, Ex. D).

**Answer:** Defendants admit the allegations contained in paragraph 32 of the Plaintiff's Complaint at Law, but deny the admissibility of same.

33. The Hazel Crest Police Officer asked Sgt. Fritz, what is wrong with your guy (Officer Jay Bush)? (See, Ex. D).

**Answer:** Defendants admit the allegations contained in paragraph 33 of the Plaintiff's Complaint at Law, but deny the admissibility of same.

34. Officer Bush admitted to wrongdoing with Mr. Watson. See a true and accurate copy of the January 24, 2022, memorandum attached hereto as **Exhibit E**.

**Answer:** The Defendants admit the existence of the January 24, 2022 memorandum from Field Training Officer Chmielewski to Deputy Chief Strayer, but deny that Officer Bush admitted to wrongdoing with Mr. Watson.

35. Officer Bush stated in the Village of Homewood's investigation that he allowed his emotions to rush and hit the vehicle. (*See*, Ex. E).

**Answer:** The Defendants deny each and every allegation contained in paragraph 35 of the Plaintiff's Complaint at Law.

36. Officer Bush was verbally abusive to Marcus Watson.

**Answer:** The Defendants admit that Officer Jay Bush stated to March Watson "to shut the fuck up." The Defendants deny the remaining allegations contained in paragraph 36 of the Plaintiff's Complaint at Law.

37. Officer Bush admitted that the maneuver he used was overly aggressive and not appropriate for the situation. See a true and accurate copy of the January 19, 2022, memorandum attached hereto as **Exhibit F**.

**Answer:** The Defendants admit that Officer Bush admitted in the January 19, 2022, memorandum attached as Exhibit F that the maneuver he used was overly aggressive and not appropriate for the situation. The Defendants deny that the memorandum is completely set forth in its contents and deny the admissibility of same.

38. In the Village of Homewood Investigation, Officer Bush stated that pulling in front of a vehicle was a common practice in the military. (See, Ex. D)

**Answer:** The Defendants deny that the allegations in paragraph 38 properly set forth the statements of Officer Jay Bush during the course of the investigation and are taken out of context. The Defendants further deny the admissibility of Exhibit D.

39. In the Village of Homewood Investigation, Officer Bush recognized that policing is not the military, and he should have not acted that way. (See, Ex. E).

**Answer:** The Defendants admit that Officer Jay Bush acknowledged that policing is not the military during the course of the investigation into the incident of January 19, 2022. The Defendants deny that Officer Jay Bush admitted that his conduct in

11

its entirety was inappropriate during the traffic stop of January 19, 2022 involving the Plaintiff. The Defendants state that Officer Jay Bush's comments as they are stated in a piecemeal fashion are taken out of context as set forth in paragraph 39 of the Plaintiff's Complaint. Further, the Defendants deny the admissibility of Exhibit E.

40. Because of the incident that occurred with Mr. Watson on January 19, 2022, Officer Bush was suspended for only five days.

**Answer:** The Defendants admit that as a result of the January 19, 2022 incident, Officer Bush was suspended for five days. The Defendants deny the improper inference of the word "only" within the allegations of paragraph 40.

### C. The Village of Homewood Was Aware of Prior Incident with Officer Bush

41. The Village of Homewood was aware of prior incidents with Officer Bush.

**Answer:** The Defendants deny each and every allegation contained in paragraph 41 of the Plaintiff's Complaint.

42. Due to the incident with Officer Jay Bush, at said time and place, the Hazel Crest Police Officer asked Sergeant Fritz on the body camera what is wrong with your officers?

**Answer:** The Defendants deny each and every allegation contained in paragraph 42 of the Plaintiff's Complaint and further deny any commentary made by the Hazel Crest Police Officer are admissible.

43. At said time and place, Sergeant Fritz stated that we are not going to talk about this because we are on camera.

**Answer:** The Defendants admit that Sergeant Fritz stated at some point during her presence at the traffic stop that we are not going to talk about this because we are on camera.

44. On January 19, 2022, Officer Lawrence Garret stated to a Hazel Crest Police officer "this is our new guy he has been like guns blazing lately."

**Answer:** The Defendants admit the allegations contained in paragraph 44 of the Plaintiff's Complaint at Law.

45. Moreover, on January 19, 2022, Officer Garret then stated to Village of Hazel Crest Police Officer that he came out "guns blazing since he started working here."

**Answer:** The Defendants admit that on January 19, 2022, Officer Garret stated to a Village of Hazel Crest Police Officer that Officer Bush came out "guns blazing since he started working here."

46. Yet, the Village of Homewood did not have another Officer in Officer Bush's Village of Homewood vehicle, or a field training officer, to supervise Officer Bush even though the Homewood Police Officers were aware that he has been like guns blazing and could be violating an individual's, such as Marcus Watson's, civil rights.

**Answer:** The Defendants admit that Officer Jay Bush was alone patrolling in his Village of Homewood police vehicle on January 19, 2022. The Defendants deny each and every remaining allegation in paragraph 46 of the Plaintiff's Complaint at Law.

### D. Officer Bush's _**False**_ Statement to other Police Officers and Marcus Watson

47. At said time and place, Officer Bush stated untrue statements to another police officer: "the man did not feel like stopping today."

**Answer:**   The Defendants deny each and every allegation contained in paragraph 47 of the Plaintiff's Complaint at Law.

48. At said time and place, Officer Bush stated untrue statements to another police officer: Mr. Watson tapped the back of his vehicle.

**Answer:**   The Defendants deny each and every allegation contained in paragraph 48 of the Plaintiff's Complaint at Law.

49. At said time and place, Officer Bush stated untrue statements to another police officer: he (Marcus Watson) just tapped the rear of my vehicle.

**Answer:**   The Defendants deny each and every allegation contained in paragraph 49 of the Plaintiff's Complaint at Law.

50. At said time and place, Officer Bush stated false statements to Mr. Watson "you hit my car."

**Answer:**   The Defendants deny each and every allegation contained in paragraph 50 of the Plaintiff's Complaint at Law.

### E. Police Officers in the Village of Homewood deactivated their Body Cameras

51. When Officer Bush went to his squad car to write a ticket to Mr. Watson, he turned off his body camera recording and did not reactive it at any time during the remainder of the stop, so we do not have complete footage of what occurred during the incident.

**Answer:**   The Defendants admit when Officer Bush went to his squad car to write a ticket to Mr. Watson, he turned off his body camera recording and did not reactivate it at any time during the remainder of the traffic stop. The Defendants

14

deny each and every remaining allegation and inference contained in paragraph 51 of the Plaintiff's Complaint at Law.

52. No one in the Homewood Police Department had their body cameras activated after Hazel Crest police officer started writing the vehicle accident report.

**Answer:** The Defendants have insufficient regarding whether any of the Homewood Police Department officers had their body cameras activated after the Homewood police officers started writing the vehicle accident report at the scene of the incident, and therefore, deny the same.

### E. Jurisdiction and Venue

53. Plaintiff's claims for relief are predicated, in part, upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution and laws of the United States, and upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions pursuant to 42 U.S.C. § 1983.

**Answer:** The Defendants admit the allegations contained in paragraph 53 of the Plaintiff's Complaint at Law.

54. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to consider the state law claims alleged herein.

**Answer:** The Defendants admit the allegations contained in paragraph 54 of the Plaintiff's Complaint at Law.

55. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1391(c), as Defendants do business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

**Answer:** The Defendants admit the allegations contained in paragraph 55 of the Plaintiff's Complaint at Law.

## COUNT I
### (Violations of Rights Secured by the Equal Protection Clause of the Fourteenth Amendment)

56. Plaintiff hereby repeats and realleges paragraphs 1-56 of the general allegations as if fully stated herein.

**Answer:** The Defendants re-state their answers to paragraphs 1-55 as their answer to paragraphs 56 of the Plaintiff's Complaint at Law.

57. Plaintiff is a member of a suspect class, African American, and was unlawfully discriminated because of his race.

**Answer:** The Defendants deny each and every allegation contained in paragraph 57 of the Plaintiff's Complaint at Law.

58. Officer Jay Bush is Caucasian.

**Answer:** The Defendants admit the allegations in paragraph 58 of the Plaintiff's Complaint at Law.

59. It is believed and alleged that Officer Jay Bush's action towards Mr. Watson, including telling him to shut the fuck up, were because of his race.

**Answer:** The Defendants deny each and every allegation contained in paragraph 59 of the Plaintiff's Complaint at Law.

60. All of the actions taken by the Officer Jay Bush were done while acting under color of state of law and had the effect of depraving Plaintiff of rights secured under by the Constitution and laws of the United States, specifically, the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

**Answer:** The Defendants deny each and every allegation contained in paragraph 60 of the Plaintiff's Complaint at Law.

61. Officer Bush's action against Marcus Watson was because he was African American.

**Answer:** The Defendants deny each and every allegation contained in paragraph 61 of the Plaintiff's Complaint at Law.

62. Officer Jay Bush's acts were intentional, malicious, willful, wanton, obdurate and in gross reckless disregard of Plaintiff's constitutional rights.

**Answer:** The Defendants deny each and every allegation contained in paragraph 62 of the Plaintiff's Complaint at Law.

63. Plaintiff is entitled to damages for the loss of liberty and humiliation, punitive damages and reasonable attorney's fees and costs.

**Answer:** The Defendants deny each and every allegation contained in paragraph 63 of the Plaintiff's Complaint at Law.

WHEREFORE, Defendants, Village of Homewood and Officer Jay Bush, request this Court enter judgement in its favor and against Plaintiff, Marcus Watson, plus the costs of this action and such other and additional relief as this Court deems equitable and just.

## COUNT II
### (Violations of Rights Secured by First Amendment)

64. Plaintiff hereby repeats and realleges paragraphs 1-56 of the general allegations as if fully stated herein.

**Answer:** The Defendants re-state their answers to paragraphs 1-56 as their answer to paragraphs 64 of the Plaintiff's Complaint at Law.

65. All of the actions taken by Officer Jay Bush were done acting under color of state law and had the effect of depriving Plaintiff of rights secured by the Constitution of the United States.

**Answer:** Defendants deny each and every allegation contained in paragraph 65 of the Plaintiff's Complaint at Law.

66. The treatment that Plaintiff received was carried out by Officer Jay Bush in retaliation for the exercise of his civil rights secured by the First Amendment of the United States Constitution.

**Answer:** Defendants deny each and every allegation contained in paragraph 66 of the Plaintiff's Complaint at Law.

67. Officer Jay Bush's acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitution rights.

**Answer:** Defendants deny each and every allegation contained in paragraph 67 of the Plaintiff's Complaint at Law.

68. Plaintiff is entitled to damages for the loss of liberty and humiliation, punitive damages and reasonable attorney fee and costs.

18

**Answer:** Defendants deny each and every allegation contained in paragraph 68 of the Plaintiff's Complaint at Law.

WHEREFORE, Defendants, Village of Homewood and Officer Jay Bush, request this Court enter judgement in its favor and against Plaintiff, Marcus Watson, plus the costs of this action and such other and additional relief as this Court deems equitable and just.

## COUNT III
### Claims under 42 U.S.C. 1983 against Officer Jay Bush

69. Plaintiff hereby repeats and realleges paragraphs 1-56 of the general allegations as if fully stated herein.

**Answer:** The Defendants re-state their answers to paragraphs 1-56 as their answer to paragraphs 69 of the Plaintiff's Complaint at Law.

70. Plaintiff is entitled to relief against Defendant Village of Homewood under 42 U.S.C. § 1983, based on violation of the Fourteenth Amendment to the U.S. Constitution.

**Answer:** Defendants deny each and every allegation contained in paragraph 70 of the Plaintiff's Complaint at Law.

71. Plaintiff is entitled to relief against Defendant Village of Homewood under 42 U.S.C. § 1983, based on violation of the Fourth Amendment to the U.S. Constitution.

**Answer:** Defendants deny each and every allegation contained in paragraph 71 of the Plaintiff's Complaint at Law.

72. At all times material, Plaintiff's Marcus Watson had a constitutionally protected right under the Fourteenth Amendment to the U.S. Constitution to be free from the police acting in excessive force.

**Answer:** Defendants deny each and every allegation contained in paragraph 72 of the Plaintiff's Complaint at Law.

73. Defendant Jay Bush exhibited deliberate and callous indifference to Marcus Watson by slamming his Village of Homewood police squad car into Marcus Watson's vehicle.

**Answer:** Defendants deny each and every allegation contained in paragraph 73 of the Plaintiff's Complaint at Law.

74. Defendant Jay Bush exhibited unreasonable and unwanted force to Mr. Watson.

**Answer:** Defendants deny each and every allegation contained in paragraph 74 of the Plaintiff's Complaint at Law.

75. Defendant Jay Bush used obscene, indecent, profane, or derogatory language while on duty and in uniform.

**Answer:** Defendants deny each and every allegation contained in paragraph 75 of the Plaintiff's Complaint at Law.

76. All of the actions taken by Officer Jay Bush were done acting under color or state law and had the effect of depriving Plaintiff of rights secured by the Constitution of the United States.

**Answer:** Defendants deny each and every allegation contained in paragraph 77 of the Plaintiff's Complaint at Law.

77. The treatment that Mr. Watson received was conducted by Officer Jay Bush in retaliation for the exercise of his civil rights secured by the First Amendment of the United States Constitution.

**Answer:** Defendants deny each and every allegation contained in paragraph 77 of the Plaintiff's Complaint at Law.

78. Officer Jay Bush's acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitution rights.

**Answer:** Defendants deny each and every allegation contained in paragraph 78 of the Plaintiff's Complaint at Law.

79. Plaintiff is entitled to damages for the loss of liberty and humiliation, punitive damages and reasonable attorney fee and costs.

**Answer:** Defendants deny each and every allegation contained in paragraph 79 of the Plaintiff's Complaint at Law.

WHEREFORE, Defendants, Village of Homewood and Officer Jay Bush, request this Court enter judgement in its favor and against Plaintiff, Marcus Watson, plus the costs of this action and such other and additional relief as this Court deems equitable and just.

**COUNT IV**
***Monell* Claim**
**Against the Village of Homewood**

80. Plaintiff hereby repeats and realleges paragraphs 1-80 of the allegations as if fully stated herein.

**Answer:** The Defendants re-state their answers to paragraphs 1-79 as their answer to paragraphs 80 of the Plaintiff's Complaint at Law.

81. The treatment that Plaintiff received was conducted by Officer Jay Bush in retaliation for the exercise of his civil rights secured by the First, Fourth and Fourteenth Amendment of the United States Constitution.

**Answer:** Defendants deny each and every allegation contained in paragraph 81 of the Plaintiff's Complaint at Law.

82. Defendant Jay Bush exhibited deliberate and callous indifference to Marcus Watson by slamming his Village of Homewood squad car into Marcus Watson's vehicle.

**Answer:** Defendants deny each and every allegation contained in paragraph 82 of the Plaintiff's Complaint at Law.

83. Defendant Jay Bush exhibited unreasonable and unwanted force to Mr. Watson.

**Answer:** Defendants deny each and every allegation contained in paragraph 83 of the Plaintiff's Complaint at Law.

84. Defendant Jay Bush used obscene, indecent profane or derogatory, language while on duty and in uniform for the Village of Homewood, Illinois.

**Answer:** Defendants deny each and every allegation contained in paragraph 84 of the Plaintiff's Complaint at Law.

85. Officer Jay Bush's acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitution rights.

**Answer:** Defendants deny each and every allegation contained in paragraph 85 of the Plaintiff's Complaint at Law.

86. Plaintiff is entitled to damages for the loss of liberty and humiliation, punitive damages and reasonable attorney fee and costs.

**Answer:** Defendants deny each and every allegation contained in paragraph 86 of the Plaintiff's Complaint at Law.

87. All of the actions taken by Officer Jay Bush were done acting under color or state law and had the effect of depriving Plaintiff of rights secured by the Constitution of the United States.

**Answer:** Defendants deny each and every allegation contained in paragraph 87 of the Plaintiff's Complaint at Law.

88. On information and belief there was an implied policy for officers of the Homewood Police Department to turn off their body cameras when they should have been activated.

**Answer:** Defendants deny each and every allegation contained in paragraph 88 of the Plaintiff's Complaint at Law.

89. The violations of Marcus Watson's constitutional rights under the First, Fourth, and Fourteenth Amendment to the United States Constitution, his damages, and the conduct of the individual defendants, were directly and

proximately caused by the actions and/or inactions of Village of Homewood, which have, with deliberate indifference:

  a)   failed to establish and/or implement policies, practices, and procedures to ensure that police officers receive appropriate training;
  b)    failed to establish and/or implement policies, practices, and procedures to ensure that police officer receive appropriate training before they are conducting police stops by themselves;
  c)   failed to adequately assess and provide training for probationary police officers;
  d)   failed to adequately monitor police officers;
  e)   failed to ensure through training, supervision, and discipline that police officers at Homewood Police Department, in traffic stops, do not use unreasonable force;
  g)   failed to ensure through training, supervision, and discipline that police officers properly respond to traffic stops;
  h)   failed to provide probationary officers with a more supervised officers, including but not limited to field training officers, to train the new officer before they begin solo patrols
  i)   possessed knowledge of deficiencies in the policies, practices, customs, and procedures concerning police officers, and approved and/or deliberately turned a blind eye to these deficiencies.

**Answer:** Defendants deny each and every allegation contained in paragraph 89 including subparagraphs (a) through (i) inclusive of the Plaintiff's Complaint at Law.

### A.  January 24, 2022

90. After the incident with Marcus Watson and the September 15, 2021, car incident, Officer Jay Bush was patrolling solo on January 24, 2022.

**Answer:**  Defendants admit the allegations contained in paragraph 90 of the Plaintiff's Complaint at Law.

91. On January 24, 2022, Officer Jay Bush left his key in his Village of Homewood squad car, doors unlocked and exited the vehicle. See a true and accurate copy of

24

the January 21, 2022, and January 24, 2022, memorandum attached hereto as **Group Exhibit G**.

**Answer:**    The Defendants admit that on January 24, 2022, Officer Jay Bush left his key in his Village of Homewood squad car, doors unlocked and exited the vehicle. The Defendants admit the existence of the January 21, 2022, and January 24, 2022 memorandums attached as Group Exhibit G, but deny the admissibility of the same.

92. When Officer Jay Bush returned to his vehicle his Village of Homewood squad car was stolen. (*See*, Ex. G)

**Answer:**    The Defendants admit that when Officer Jay Bush returned to his vehicle, his Village of Homewood squad car was stolen. The Defendants deny the admissibility of Exhibit G.

93. Based on Officer Jay Bush's conduct he was suspended for two days and allowed to go back to the police force. See the attached suspension letter related to the January 24, 2022, incident attached hereto as **Exhibit H.**

**Answer:**    The Defendants admit the allegations in paragraph 93, but deny that it completely sets forth the contents thereof and denies the admissibility of Exhibit H.

**B. March 12, 2022, incident**

94. After the incident with Marcus Watson the September 15, 2021, car incident and the January 24, 2022, stolen car incident, Officer Jay Bush was patrolling solo on March 12, 2022. See a true and accurate copy of the March 12, 2022, memorandum attached hereto as **Exhibit I**.

**Answer:** The Defendants admit the allegations in paragraph 94 and the existence of the March 12, 2022 memorandum attached to the Complaint as Exhibit I. The Defendants deny the admissibility of Exhibit I.

95. On March 12, 2022, Officer Jay Bush pulled his firearm on an alleged suspect. (*See*, Ex I).

**Answer:** The Defendants admit the existence of the memorandum of March 12, 2022 that describes in part that Officer Jay Bush pulled his firearm on a suspect. The Defendants deny that paragraph 95 completely sets forth the incidents of March 12, 2022, and denies the admissibility of Exhibit I.

96. Officer Bush then, with his Village of Homewood Official Police vehicle, struck the rear of the alleged suspect's vehicle. (See, Ex. I)

**Answer:** The Defendants admit that at some point during the March 12, 2022 incident that Officer Jay Bush struck the rear of a suspect's vehicle. The Defendants deny that paragraph 96 completely sets forth the incidents of March 12, 2022, and denies the admissibility of Exhibit I.

97. Officer Bush in pursuit of the vehicle used his Village of Homewood police vehicle to crash into the alleged suspect's vehicle a second time. (See, Ex. I)

**Answer:** The Defendants admit that Officer Bush crashed into the suspect's vehicle during the March 12, 2022 incident multiple times. The Defendants deny that the circumstances of Officer Jay Bush's police response on March 12, 2022 is completely set forth in paragraph 97 and deny the context of the singular statement in paragraph 97. The Defendants further deny the admissibility of Exhibit I.

98. Based on the March 12, 2022, incident Officer Jay Bush was found guilty of use of force. See a true and accurate copy of March 15, 2022, memorandum attached hereto as **Exhibit J**.

**Answer:** The Defendants admit the existence of the March 15, 2022, memorandum attached to the Plaintiff's Complaint as Exhibit J. The Defendants deny that the allegations in paragraph 98 of the Plaintiff's Complaint accurately reflect the findings in the memorandum and further deny the admissibility of Exhibit J.

99. On March 12, 2022, Officer Jay Bush, carelessly operated a Village of Homewood department vehicle by ramming the offending vehicle and putting civilians in danger by continual contact with the offender's vehicle while responding to the incident. (*See*, Ex. J)

**Answer:** The Defendants admit the existence of the March 15, 2022, memorandum attached to the Plaintiff's Complaint as Exhibit J. The Defendants deny that the allegations in paragraph 99 completely sets forth the contents of the memorandum and denies the admissibility of Exhibit J.

100. On March 12, 2022, Officer Jay Bush used excessive force in resolving the arrest by using his Village of Homewood squad car to crash into the offending fleeing vehicle multiple times. (*See*, Ex. J)

**Answer:** The Defendants admit the existence of the March 15, 2022, memorandum attached to the Plaintiff's Complaint as Exhibit J. The Defendants

deny that the allegations in paragraph 100 completely sets forth the contents of the memorandum and denies the admissibility of Exhibit J.

101.     On March 12, 2022, Officer Jay Bush used unreasonable and unwarranted force to a person encountered under arrest and caused damage to Village of Homewood property. (*See*, Ex. J)

**Answer:** The Defendants admit the existence of the March 15, 2022, memorandum attached to the Plaintiff's Complaint as Exhibit J. The Defendants deny that the allegations in paragraph 101 completely sets forth the contents of the memorandum and denies the admissibility of Exhibit J.

102.     On March 12, 2022, Officer Jay Bush exhibited unsafe safety standards, unsafe driving habits and actions by ramming the Village Homewood squad car into the offending vehicle, which contributed to a preventable crash. (*See*, Ex. J)

**Answer:** The Defendants admit the existence of the March 15, 2022, memorandum attached to the Plaintiff's Complaint as Exhibit J. The Defendants deny that the allegations in paragraph 102 completely sets forth the contents of the memorandum and denies the admissibility of Exhibit J.

103.     On March 12, 2022, Officer Bush did not perform in the highest standards of the Village of Homewood police department due to his lack of knowledge of applicable law in conducting the assignment. (*See*, Ex. J)

**Answer:** The Defendants admit the existence of the March 15, 2022, memorandum attached to the Plaintiff's Complaint as Exhibit J. The Defendants

deny that the allegations in paragraph 103 completely sets forth the contents of the memorandum and denies the admissibility of Exhibit J.

104.    On March 12, 2022, Officer Jay Bush did not perform in the highest standards of the Village of Homewood police department due to his lack of knowledge of applicable law. (*See*, Ex. J)

**Answer:** The Defendants admit the existence of the March 15, 2022, memorandum attached to the Plaintiff's Complaint as Exhibit J. The Defendants deny that the allegations in paragraph 104 completely sets forth the contents of the memorandum and denies the admissibility of Exhibit J.

105.    On March 12, 2022, Officer Bush did not perform in the highest standards of the Village of Homewood police department due to his lack of knowledge of applicable law in response to the incident. (*See*, Ex. J)

**Answer:** The Defendants admit the existence of the March 15, 2022, memorandum attached to the Plaintiff's Complaint as Exhibit J. The Defendants deny that the allegations in paragraph 105 completely sets forth the contents of the memorandum and denies the admissibility of Exhibit J.

WHEREFORE, Defendants, Village of Homewood and Officer Jay Bush, request this Court enter judgement in its favor and against Plaintiff, Marcus Watson, plus the costs of this action and such other and additional relief as this Court deems equitable and just.

**COUNT V**
**(Respondent Superior against the Village of Homewood)**

106.     Plaintiff hereby repeats and realleges paragraphs 1-80 of the allegations as if fully stated herein.

**Answer:**  The Defendants re-state their answers to paragraphs 1-80 as their answer to paragraphs 106 of the Plaintiff's Complaint at Law.

107.     In committing the acts alleged in the preceding paragraphs Officer Jay Bush was a member of, and agent of, the Homewood Police Department acting at all relevant times within the scope of his employment and under color of law.

**Answer:**  The Defendants admit that Officer Jay Bush was an agent of the Homewood Police Department and acting within the scope of his employment and under color of law at all times relevant to the traffic stop involving the Plaintiff on January 19, 2022. The Defendants deny that Officer Jay Bush committed the acts alleged in the preceding paragraphs.

108.     The acts and/or omissions of Officer Jay Bush were committed within the scope of Officer Jay Bush's employment with the Village of Homewood.

**Answer:**  The Defendants admit that Officer Jay Bush was acting within the scope of his employment with the Village of Homewood at the time of the traffic stop involving the Plaintiff on January 19, 2022. The Defendants deny the acts and/or omissions of Officer Jay Bush as set forth in the Plaintiff's Complaint at Law.

109.     Defendant Village of Homewood is liable as principal for all torts committed by its agent, Officer Jay Bush.

30

**Answer:** The Defendants admit that the Village of Homewood is liable as a principal for all torts committed by its agent, Officer Jay Bush, but deny that it is liable for the allegations set forth in the Plaintiff's Complaint at Law.

110.    In the event that a judgment for compensatory damages is entered against Officer Jay Bush, the Village of Homewood must pay the judgment, and may pay any associated attorneys' fees and costs.

**Answer:** If a judgment for compensatory damages is entered against Officer Jay Bush, the Village of Homewood must pay the judgment. The Defendants deny any further allegations in paragraph 110 of the Plaintiff's Complaint at Law.

WHEREFORE, Defendants, Village of Homewood and Officer Jay Bush, request this Court enter judgement in its favor and against Plaintiff, Marcus Watson, plus the costs of this action and such other and additional relief as this Court deems equitable and just.

### COUNT VI
### (Indemnification against the Village of Homewood)

111.    Plaintiff hereby repeats and realleges paragraphs 1-80 of the allegations as if fully stated herein.

**Answer:** The Defendants re-state their answers to paragraphs 1-80 as their answer to paragraphs 111 of the Plaintiff's Complaint at Law.

112.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**Answer:** The Defendants deny that the legal obligation for public entities is accurately alleged in paragraph 112 of the Plaintiff's Complaint at Law.

113. Officer Jay Bush was employed with the Village of Homewood Police Department, who acted within the scope of his employment in committing the misconduct described herein.

**Answer:** The Defendants admit that Officer Jay Bush was employed with the Village of Homewood Police Department during his interaction with the Plaintiff, Marcus Watson, on January 19, 2022. The Defendants deny each and every remaining allegation in paragraph 113 of the Plaintiff's Complaint at Law.

114. The acts and/or omissions of Officer Jay Bush were committed within the scope of Jay Bush's employment with the Village of Homewood.

**Answer:** The Defendants admit that Officer Jay Bush was acting within the scope of his employment when he interacted with the Plaintiff, Marcus Watson on January 19, 2022. The Defendants deny each and every remaining allegation in paragraph 114 of the Plaintiff's Complaint at Law.

115. Defendant Village of Homewood is liable as principal for all torts committed by its agent, Officer Jay Bush.

**Answer:** The Defendants admit that the Village of Homewood is liable as a principal for torts committed by its agent, Officer Jay Bush, within the scope of his employment. The Defendants deny that Officer Jay Bush committed any torts.

116.     In the event that a judgment for compensatory damages is entered against Officer Jay Bush, the Village of Homewood must pay the judgment, and may pay any associated attorneys' fees and costs.

**Answer:** The Defendants admit that in the event that a judgment for compensatory damages is entered against Officer Jay Bush, the Village of Homewood must pay the judgment. The Defendants deny each and every remaining allegation in paragraph 116 of the Plaintiff's Complaint at Law.

WHEREFORE, Defendants, Village of Homewood and Officer Jay Bush, request this Court enter judgement in its favor and against Plaintiff, Marcus Watson, plus the costs of this action and such other and additional relief as this Court deems equitable and just.

**JURY DEMAND**

Should this case proceed to trial, the Defendants hereby demand trial by jury.

**AFFIRMATIVE DEFENSES**
**First Affirmative Defense**
***Qualified Immunity***

To the extent the Plaintiff purports to assert any colorable claims against Defendant, Police Officer Jay Bush, for his conduct during his interactions with the Plaintiff, Marcus Watson, Plaintiff's claims are barred in whole or in part by the doctrine of qualified immunity because Defendant, Police Officer Jay Bush, did not violate Plaintiff's clearly established constitutional rights.

## SECOND AFFIRMATIVE DEFENSE

1.      The Plaintiff is attempting to hold the Village of Homewood responsible for his damages under 42 U.S.C. §1983.

2.      To assert a claim against a municipality under 42 U.S.C. §1983, the Plaintiff must allege and prove that the acts complained of were carried out pursuant to an inter-related policy, practice, and/or custom of the municipality.  See *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

3.      To the extent that the alleged actions of the Defendant, Officer Jay Bush, were not undertaken as part of an established policy or custom of the Village of Homewood, this cause of action is barred against the Village of Homewood.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims brought pursuant to 42 U.S.C. §1983 fail as he cannot establish a constitutional injury and/or damages.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred to the extent that his claimed damages were caused by his own conduct or choices.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's First Amendment allegations fail to state a claim for relief.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages

could have been lessened but were not, due to Plaintiff's failure to take reasonable action to minimize those damages.

### SEVENTH AFFIRMATIVE DEFENSE

With regard to Plaintiff's claim for punitive damages against Defendant Police Officer Jay Bush in his individual capacity, Defendant Police Officer Jay Bush acted in good faith, and Plaintiff cannot establish that Defendant Police Officer Jay Bush's actions were motivated by malice or reckless indifference to Plaintiff's federally protected rights.

### EIGHTH AFFIRMATIVE DEFENSE

No punitive damages may be awarded against the Village of Homewood or any of its officers, agents, or employees acting in their official capacity, *Newport v. Fact Concert, Inc.*, 453 U.S. 247 (1981).

Respectfully submitted,

*Molly M. O'Reilly*

O'REILLY LAW OFFICES, LLC
Attorneys for Defendants
1751 S. Naperville Road, Suite 101
Wheaton, IL 60189
Telephone: 630/665-4444
mollyoreilly@oreillylawoffices.com

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on February 1, 2023, I electronically filed the foregoing **Defendants Answer, Affirmative Defenses and Jury Demand to the Plaintiff's Complaint at Law** with the Clerk of the Court using the CM/ECF system and copies are being sent via email to the following CM/ECF participants listed below:

    Geoffrey B. Sabin
    **ROSENBERG, EISENBERG & ASSOCIATES, LLC**
    2340 S. Arlington Heights Road, Suite 460
    Arlington Heights, IL  60005
    Geoff@re-injurylaw.com

    *Molly M. O'Reilly*
    _____
    Molly M. O'Reilly
    O'REILLY LAW OFFICES, LLC
    Attorneys for Village Defendants
    1751 S. Naperville Road, Suite 101
    Wheaton, IL 60189
    Telephone: 630/665-4444
    mollyoreilly@oreillylawoffices.com